

FILED

NOV 10 2016

Clerk, U S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| Ron Glick,<br><br>    Petitioner/Defendant<br><br>v.<br><br>State of Montana,<br><br>    Respondent/Plaintiff. | Cause No. CV 16-141-M-DLC<br><br>ORDER FOR SUMMARY REMAND |

On November 2, 2016, Mr. Glick filed a Notice of Removal accompanied by exhibits. (Docs. 1, 1-1, and 1-2). Glick did not file an application to proceed in forma pauperis.

While it is unclear whether or not Glick is required to pay a filing fee, there is no point in delaying disposition of this matter. Thus, any filing fee required in this matter is waived.

In 2005, Glick was convicted of sexual assault in the Eleventh Judicial District Court, Flathead County, Montana, and was sentenced to serve twenty years with fifteen years suspended. (Doc. 1 at 1). Glick is now serving the suspended portion of his sentence. *Id.* at 1-2. In May of 2016, a Report of Violation and a corresponding Petition for Revocation of Glick's suspended sentence was filed by the Flathead County Attorney's Office; an Addendum to the Report of Violation

1

was filed in July of 2016. (Doc. 1-2 at 1- 12).

Apparently, in September of 2014, Glick published a book entitled, "U.S. Political Prisoner Since 2004: The True Story of an Innocent Man Detained as a Political Dissident in Kalispell Montana." *Id.* at 4; see also (Doc. 1 at 2). The initial report of violation alleged that Glick neglected to redact a single reference to his victim's name in the book. (Doc. 1-2 at 4-5). Glick also maintains a blog entitled "The Great Montana Conspiracy." (Doc. 1 at 2; Doc. 1-2 at 7). The Addendum to the report of violation alleges that Glick made a statement in his blog that appeared to be an attempt at intimidating the mother of his victim. (Doc. 1-2 at 7).

Glick, through counsel, filed a motion to dismiss the Petition for Revocation, relying primarily on Glick's First Amendment right to free speech. See generally, (Doc. 1-2 at 13- 19). Glick also argued that because the Flathead County Attorney, Ed Corrigan, who was specifically named in Glick's book and characterized as a "corrupt politician" engaged in a "gestapo-style racketeering organization that has escaped accountability for decades" and whose office was the office behind the filing of the revocation proceedings, there was an appearance of impropriety. *Id.* at 17. Relying on *Young v. U.S. Ex Rel. Vuitton Et Fils S.A.*, 481 U.S. 787, 811-812 (1987), Glick argued further prosecution by the Flathead County Attorney's office undermined confidence in the criminal justice system. *Id.* at 18. Glick requested

the trial court order a disinterested and objective prosecutor handle further proceedings against Glick. *Id.* It appears that the trial court refused to grant Glick the relief he sought. See, (Doc. 1 at 5).

Glick seeks to have his state revocation proceedings removed to this Court because he does not believe he will receive a fair or impartial hearing before the state trial court which he perceives to be "plainly prejudiced and biased." (Doc. 1 at 3). Additionally, much as he argued before the trial court, Glick contends that the Flathead County Attorney's Office has an inherent conflict of interest based upon the appearance of impropriety relative to Glick's book and the allegations lodged therein. *Id.* at 3-4. Glick cites 28 U.S.C. § 1455 as the basis for his removal and contends he has shown the good cause necessary to effectuate such a removal.

Federal courts are courts of limited jurisdiction and the power to adjudicate claims is limited to that granted by Congress and "such grants are not to be lightly inferred." *Al Nieto v. Ecker*, 845 F. 2d 868, 871 (9th Cir. 1988); *U.S. v. Sumner*, 266 F. 3d 1005, 1009 (9th Cir. 2000). There is a presumption against federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The burden is upon Glick to establish that removal is proper.

Glick relies upon 28 U.S.C. § 1455 to support his removal, however, this statute simply sets forth the procedure for removal. The jurisdictional bases for

3

removal are much narrower in scope. Under 28 U.S.C. § 1442(a), a criminal prosecution of any officer of the United States or its courts, any officer of either House of Congress, or any member of the United States armed forces subject to prosecution may remove an action that arises from acts done under color of such office or status. Glick makes no such allegations here.

Under 28 U.S.C. § 1443(1), a state criminal prosecution may be removed if a defendant seeks to assert a defense based upon federal laws protecting equal civil rights but is unable to because of state law. Removal under this section must satisfy a two part test. Glick must: (1) assert as a defense to the prosecution, rights that are given to him by explicit statutory enactment protecting equal racial civil rights, and (2) assert that the state courts will not enforce that right and the allegation must be supported by reference to a state statute or constitutional provision that purports to command the state courts to ignore the federal rights. *Patel v. Del Taco Inc.*, 446 F. 3d 996, 999 (9th Cir. 2006), citing *California v. Sandoval*, 434 F. 2d 635, 636 (9th Cir. 1970). Glick seeks to defend his state revocation based, in part, on his First Amendment rights. He is not asserting his equal racial civil rights as a defense, nor does he reference any state statute or constitutional provision commanding the state court to ignore his federal rights.

Even if this Court were to find that Glick properly complied with the procedural provisions of 28 U.S.C. § 1455, he has not demonstrated a federal

4

ground sufficient to provide this Court jurisdiction to support removal of his state revocation proceedings.

Based on the foregoing, IT IS HEREBY ORDERED:

1. Any filing fee required in this matter is waived;

2. Pursuant to 28 U.S.C. § 1455(4) this matter is REMANDED to the Eleventh Judicial District Court of Montana.

DATED this 10th day of November, 2016.

Dana L. Christensen, Chief Judge
United States District Court